Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| L.G. a minor, by and through his parent and natural guardian JEFF GORELICK;<br><br>Plaintiff,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; Superintendent of the Washoe County School District KRISTEN MCNEILL; and Washoe County School District Area Superintendent MICHAEL PAUL._____/ | Case No.:   3:22-cv-228<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION** |

COMES NOW, Plaintiff L.G., a minor, by and through his parent and natural guardian JEFF GORELICK, by and through the undersigned counsel, and hereby files the following Complaint seeking redress for the violation by WASHOE COUNTY SCHOOL DISTRICT ("WCSD"); Superintendent of the Washoe County School District KRISTEN MCNEILL ("McNeill") and Washoe County School District Area

Superintendent DR. MICHAEL PAUL ("Paul") of L.G.'s right to be free from unlawful seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION OF THE COURT

This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 2201; 42 U.S.C. Sections 1983 and 1988; and associated state law claims.

Venue in this action is appropriate in the District of Nevada pursuant to 28 U.S.C. Section 1391(b), and the transaction or occurrence before the Court occurred in this District.

## PARTIES

L.G. is an individual residing in the County of Washoe, State of Nevada and a 16 year old graduating Junior at Reno High School in Reno, Nevada. He is represented by his father, Jeff Gorelick, as his next friend.

WCSD is the school district that serves Washoe County and is a political subdivision of the State of Nevada.

McNeill, sued in her official capacity, is Superintendent of the Washoe County School District and a resident of Nevada.

Dr. Paul, sued in his official capacity, is an Area Superintendent of the Washoe County School District and a resident of Nevada.

WCSD, McNeill, and Paul were at all times relevant herein acting under color of Nevada law.

///

///

# ALLEGATIONS OF FACT

SafeVoice[1] is an anonymous reporting system used to report threats to the safety or well-being of students in Nevada schools. SafeVoice was established by the Nevada Department of Education under Senate Bill 212 in 2017 to prevent violence at schools.  SafeVoice is administered by the Nevada Department of Education in coordination with Nevada Department of Public Safety, and provides students a phone line and an app to submit anonymous tips concerning their own safety or that of others.  SB 212 is codified in NRS 388.1451 *et seq*.

L.G. is a well known student by the administration at Reno High. L.G. is scheduled to graduate from Reno High in 2022, a year early due to his taking extra classes.  L.G. takes advanced placement and honor level courses. L.G. is a politically active student at Reno High School.  He is a campaign finance intern for Senator Cortez Masto.  L.G. is also involved in groups like Students Demand Action, High School Democrats.  L.G. frequently posts on his social media promoting his political views, and sits on the safety committee as a student representative at Reno High.  L.G. has also appeared at several WCSD school board meetings and has provided public comment on several issues facing public schools.

On or about May 5, 2022 during the lunch period, school police officer Webb approached L.G. and told him that the school had received an anonymous tip from SafeVoice that L.G. had brought a firearm to school. L.G. voluntarily offered to let Officer Webb search his truck. Officer Webb searched L.G.'s truck and, satisfied that there was no weapon, then told L.G. he did not need to look in his backpack.

---

[1] http://safevoicenv.org/

3

Officer Webb was polite and professional and L.G. had no objection to cooperating with him.

Later on May 5, 2022, Dean of Students Brian La Torre, along with officer Webb came to L.G., in a school hallway and searched his bag in response to another anonymous tip from SafeVoice. L.G. voluntarily consented to this search. There was no weapon of any sort in the backpack.

On or about May 6, 2022 Assistant Principal Krista Kruger came to L.G.'s classroom and advised that they had received yet another anonymous tip from SafeVoice and then asked L.G. to come to the back of the class where they again searched his backpack. Kruger did not seek consent for this search. L.G. did not provide express consent for this search but he did not object. Again, there was no weapon in L.G.'s backpack.

On or about May 9, 2022 Krista Kruger and Brian La Torre came to L.G.'s classroom and advised the teacher that they had another anonymous tip from SafeVoice and needed to search his backpack. Krista Kruger and Brian La Torre took L.G.'s bag without consent and started the search before L.G. had time to get to the back of the room. L.G. again neither consented nor objected because he was unsure if he had the right to deny access. L.G.'s bag was searched again with no weapon being found. As the meeting was wrapping up, L.G. said "are you guys going to search my truck?" To which they responded that they probably should. L.G.'s truck was the searched by Krista Kruger, and Assistant Principal Teri Salgado

Also on or about May 9, 2022 L.G. asked Officer Webb if he could refuse consent to the searches in response to the anonymous tips from SafeVoice, to

4

which Officer Webb responded that L.G. could refuse consent.  Also on or about May 9, 2022, L.G. asked l Krista Kruger if he was required to consent to the searches.  Kruger told L.G. "no" but indicated L.G.'s parents would be called to seek consent if he refused.  L.G. asked Kruger what would happen if his parents refused consent for the searches.  L.G. was told by Kruger that he could return to class as usual, as the school had no further ability to conduct the search.

On May 16, 2022 LG was asked by Brian La Torre to submit to a search again based on an additional anonymous tip from SafeVoice.  L.G. said "I am not doing this again; I have the right to deny a search."  The search did not occur and L.G. was then permitted to return to class.

Also on May 16, 2022, near the end of the school day, Reno High Principal Kris Hackbusch advised L.G. that he would not be permitted to return to class until he submitted his backpack to a search.

On May 16, 2022 Jeff Gorelick emailed Principal Hackbusch in an attempt to persuade the searched of L.G. to be discontinued in response to anonymous tips because L.G. is a good student with no discipline issues, that the searches to date had proven that the anonymous reports were false, and that continued search violated L.G.'s constitutional rights. *See* Exhibit 1.

On May 17, 2022 L.G. and his father Jeff Gorelick went to Reno High School at 7:00 a.m. to discuss the searches that L.G. was subject to.  A meeting was held in Principal Hackbusch's office and was recorded with the permission of all parties.  The recording of the meeting is attached hereto as Exhibit 2.   Principal Hackbusch, Krista Kruger, and school district police officer named Jeff (last name not recalled)

attended the meeting. Principal Hackbusch stated that he was advised by his superiors that he had the obligation to conduct a search of L.G.'s before he would be allowed to return in person to school with his backpack. Yet, Principal Hackbusch stated that if a SafeVoice tip is received about a weapon it was "protocol" to conduct a mandatory search. *Id.* Jeff Gorelick advised that he had looked L.G.'s backpack and there was no weapon. L.G. refused the search and was advised that he could not attend classes with his backpack (which contained necessary books and his computer used to take notes). Everyone present shook hands and the meeting ended with L.G. returning home.

On May 17, 2022 prior to 9 a.m. in the morning Jeff Gorelick placed a telephone call to Dr. Michael Paul, Area Superintendent for the Reno High School area for WCSD. That call was returned in the late afternoon. Gorelick asked Dr. Paul if there was a written protocol requiring a search of student personal property every time an anonymous tip was received through SafeVoice. *See* Declaration of Jeff Gorelick in Exhibit 3 attached hereto. Paul responded that he didn't know if the protocol was written but that was in fact the protocol. He further stated that if it happened a hundred times the searches would be conducted a hundred times and it did not matter who the student was or the student's history with the school. Paul stated that if there was a one tenth of one percent chance of a weapon being in the backpack they would conduct the search in the interest of student safety. Gorelick asked if Paul would forward any written policy to him and that ended the call. *Id.*

The evening of May 17, 2022, L.G.'s mother Allison Gorelick wrote an email to Superintendent McNeill and certain members of the school board, attached hereto

as Exhibit 4. The email sought to have the board and Superintendent McNeill address the policy of requiring a search of a student in response to an anonymous tip from SafeVoice, even where such a search is unreasonable.

On May 18, 2022 Superintendent McNeill responded by email defending the policy and forwarding several items including the Student Behavior- Administrative Procedures Manual. The email is attached hereto as Exhibit 5.  McNeill contended that the required searches of L.G. were justified, despite indicating that WCSD had "reached out at the state level of the SafeVoice system and are working with them to look into the recent tips concerning Lucas about a possible misuse of the system." *Id.*  A copy of the Student Behavior Administrative Procedures Manual forwarded by McNeill in her email is attached hereto as Exhibit 6.  However, the manual contains no automatic search protocol, rather it states that an unconsented search can only be conducted on **reasonable suspicion** by the administrator that the student possesses a weapon. See Exhibit 6 at page 45 of 61.  The manual defines "Reasonable Suspicion" as follows:

> Reasonable Suspicion
>
> a.  In those cases requiring a reasonable suspicion as the basis for the search, the school official or employee authorizing the search shall have a reasonable suspicion that the fruits or implements of a crime or unlawful act will be found, or that a weapon or other material the possession of which is prohibited by law or by school district rules, regulation or policies will be found.
>
> b.  A reasonable suspicion is a subjective, good faith belief supported by objective facts, which may include, but are not limited to, the student's age, history and record in the school, the reliability of the information giving rise to the suspicion and the seriousness and prevalence of the problem in the school.
>
> c. The required "reasonable suspicion" must be based on facts relating to a particular student whose person, belongings, automobile, desk or

7

locker is to be searched and such suspicion must arise immediately prior to the proposed search.

Id. at 46 of 61.

The actual policy followed by WCSD, as described by Paul and McNeill, is to require a search of any student in response to any anonymous tip from SafeVoice, despite the reasonableness (or not) of doing so. This *de facto* policy is straightforwardly unconstitutional, and inconsistent with WCSD's express written policies.

As a result of WCSD failure to follow its own written policy and the enforcement of the unconstitutional unwritten "automatic search" policy in response to any tip to SafeVoice, no matter how facially unreasonable, L.G. has been prevented from attending his classes at Reno High in preparation for finals and for graduation.

**CLAIMS FOR RELIEF**

**42 USC 1983 - VIOLATION OF THE 4th AMENDMENT**

**(Against All Defendants)**

Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein;

WCSD's employees acted at the direction of Defendants McNeill and Dr. Paul;

The WCSD employees named herein unreasonably searched the plaintiff's person and vehicle without a warrant, and refuse to allow the plaintiff to attend school at Reno High unless he consents to further unreasonable searches without a warrant;

In conducting the searches and prohibiting L.G. from attending school without consenting to further searches, the WCSD's employees acted intentionally; and

The searches and the requirement for further searches are unreasonable, as they are the result of anonymous tips to the SafeVoice system only, and lack any other reasonable basis.

In doing the acts complained of herein, Defendants acted under color of law to deprive the Plaintiff of his constitutionally protected right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

As a direct and proximate consequence of these unlawful acts, Plaintiff has suffered loss of his right to attend public school.

## 42 USC 1983 - MONELL CLAIM

## (Against Washoe County School District)

Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

WCSD's employees acted under color of state law when they required L.G. to submit to unreasonable searches on his person and vehicle in response to anonymous tips from SafeVoice;

The act of WCSD's employees deprived the plaintiff of his particular rights under the United States Constitution under the 4th and 14th Amendments to be free from unreasonable searches and seizures;

McNeill acted under color of state law;

Mc. Neill had final policymaking authority from defendant WCSD's employees concerning the requirement that L.G. submit to unreasonable searches in order to attend school; and

Mc. Neill ratified the decisions of WCSD's employees, that is, Mc. Neill knew of and specifically made a deliberate choice to approve the unreasonable searches of L.G. and the basis for the unreasonable searches.

As a direct and proximate consequence of these unlawful acts, Plaintiff has suffered loss of his right to attend public school.

## INJUNCTIVE RELIEF

### (Against all Defendants)

Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein;

Under 28 U.S. Code § 2201, a real and immediate controversy exists between Plaintiff and Defendants regarding Plaintiff's right to be free from unreasonable search and seizure;

Defendants' policies and actions have resulted and will result in irreparable injury to the Plaintiff;

There is no plain, adequate or complete remedy at law to address the wrongs described herein;

Defendants have made clear that they will not allow L.G. to attend school if he refuses to consent to searches based solely on anonymous SafeVoice reports;

Unless restrained by this Court, Defendants will continue to implement these unlawful policies and practices;

Defendants' acts alleged above violate established constitutional rights of Plaintiff and Defendants could not reasonably have thought that the conduct of their agents and employees was lawful;

An actual controversy exists between Plaintiff and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intend to continue to do so;

Plaintiff claims that these acts are contrary to law and seek a declaration of their rights with regard to this controversy;

As a direct and proximate consequence of these unlawful acts, Plaintiff has suffered loss of his right to attend public school.

WHEREFORE, the Plaintiff requests that this Court:

a. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

b. Enter a declaratory judgment that the actions complained of herein are unlawful and violate the United States Constitution;

c. Order Defendants to pay attorneys' fees and costs of the action pursuant to 42 U.S.C. 1988;

d. Grant any further relief that the Court deems just and proper.

///

///

///

(signature on following page)

RESPECTFULLY SUBMITTED this May 23, 2022:

By: _____/s/ Luke Busby, Esq._____

Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com
*Attorneys for the Plaintiff*

## VERIFICATION

L.G. declares under penalty of perjury that the following is true and correct, and says:

That he is a Plaintiff in this matter, has read the foregoing Verified Complaint, knows the contents thereof as they relate to the facts asserted therein, and verifies that those facts are true and correct to the best of his/her knowledge, except as to the matters therein set forth upon information and belief, and as to those matters, he/she believes them to be true.

By: _____L.G._____

**EXHIBIT LIST**

1. 5-16-2022 email from Jeff Gorelick to Principal Hackbusch
2. Recording of 5-17-2022 Meeting
3. Declaration of Jeff Gorelick
4. 5-17-2022 Allison Gorelick email to Superintendent McNeill
5. 5-18-2022 Email from Superintendent McNeill to the Gorelicks
6. Student Behavior Administrative Procedures Manual 21-22_v5